DANIEL OWEN, impleaded, &c., plaintiff in error, *v.* ABIJAH S. BARNUM, defendant in error.

*Error to McHenry.*

A suit was brought on the following note: "On or before the fifth day of April, A. D. 1843, we jointly and severally promise to pay A. S. Barnum or bearer, the sum of five hundred and eighty three dollars—the said Barnum is to take all the flour that he may want for his family use, and such other articles that he may need previous to the day of payment." The declaration alleged the promise to pay the money by the time specified in the note, omitting the conclusion in relation to the flour, &c: *Held,* that the note was a positive undertaking to pay the money therein mentioned at maturity, and that the legal import of the memorandum was, that the payee might, if he chose, take what flour, &c., he might need; that it was a condition inserted for his benefit, and that no obligation was imposed upon the makers to pay in that manner, unless the payee, in his judgment, should need the property.

ASSUMPSIT in the McHenry Circuit Court, brought by the defendant in error against the plaintiffs in error. The cause was heard before the Hon. Richard M. Young, at the April term 1844, when a judgment was rendered for the plaintiff below for $620·89.

The material facts in the case are sufficiently stated in the Opinion of the Court. The cause was submitted by

*J. B. Thomas,* and *B. S. Morris,* for the plaintiffs in error, on the following brief:

In actions upon contract, if any part of the contract proved should vary materially from that stated in the pleading, it will be fatal, for a contract is an entire thing and indivisible. 1 Greenl. Ev. 79, § 66.

The entire consideration must be stated and the entire act to be done in virtue thereof, together with the time, manner, and circumstances, and with all parts of the proposition, as stated, the proof must agree.

It (variance) may be defined to be a disagreement between the allegation and proof. 1 Greenl. Ev. 74, §63. The following authorities are also referred to: 6 East. 464, 567, 568; 3 T. R. 643, 646; 2 A. K. Marsh. 287; 4 B. & A. 765; 2 Starkie's Ev. 401; 3 Caines, 286; 3 Wend. 374.

If the allegation be of absolute contract, and the proof be of a contract in the alternative at the option of the defendant, &c., in these and the like cases the variance will be fatal. 1 Greenl. Ev. 80, § 66. See note 3 of Greenleaf on this point at same page. 2 East. 2; 2 Doug. 665; 6 Greenl. 109; 1 Camp. 361; Cro. El. 79.

The note is set forth as if payable in money, when, by the writing on the end of the note, it was to be paid in notes on the Bank of Kentucky, &c. *Osborne* v. *Fulton,* 1 Blackf. 234. The variance was held to be fatal.

The Opinion of the Court was delivered by

PURPLE J. The defendant in error sued the plaintiff in error in the McHenry county Circuit Court, in an action of trespass on the case upon promises. The declaration charges that the defendants below made their promissory note in writing, dated the 5th day of April, 1839, and thereby then and there jointly and severally promised to pay the plaintiff below, on or before the 5th day of April, A. D. 1843, the sum of five hundred and eighty three dollars, and then and there delivered the said note to the said plaintiff.

Herman N. Owen pleaded his discharge under the Bankrupt laws of the United States, which plea was confessed by the defendant in error and judgment rendered in his favor.

Daniel Owen pleaded the general issue upon which the parties proceeded to trial.

The plaintiff below offered in evidence a note of which the following is a copy:

"On or before the fifth day of April A. D. 1843 we jointly and severally promise to pay A. S. Barnum or bearer the sum of five hundred and eighty three dollars—the said Barnum is to take all the flour that he may want for family use and such other articles as he may need previous to the day of payment.

McHenry, April 5th, 1839.

(Signed,)          H. N. Owen.

             Daniel Owen."

The defendant below objected to the introduction of the

note in evidence upon the ground of a variance between it and the note described in the declaration.

The Court overruled the objection and admitted the evidence. And this decision of the Court is now assigned for error.

This note is a positive undertaking on the part of the makers to pay the sum of money therein mentioned at its maturity, and the legal import of the memorandum at the bottom is, that the payee may, if he chooses, take what flour and other articles he may need for the use of his family previous to the day of payment. It is a condition inserted for his benefit. There is no duty or obligation imposed upon the makers to pay in this manner, unless the payee, in his judgment, should need the property. The defendant below could not have tendered the same and thereby, against the wish of the plaintiff below, have discharged the note. In a declaration, it is not necessary to state all the parts of a contract which consists of several distinct and collateral provisions. The *gravamen* is, that a certain act which the defendant engaged to do has not been done and the legal proposition to be maintained, is that for such a consideration he became bound to do such an act, including the time, manner and other circumstances of its performance. If the allegation be of an absolute contract, and the proof be of a contract in the alternative, at the option of the defendant, the variance would be fatal. 1 Greenl. Ev. 75–6.

In the case of *Osborne* v. *Fulton*, 1 Blackf. 234, a note was drawn for the sum of $137, dated 6th July, 1821, and payable on the 1st of November next ensuing. Across the end of the note was written: "The amount of this note to be paid in notes on the Bank of Kentucky or the Branch Bank at Lawrenceburg." The Court held this memorandum to be a part of the contract, and a necessary portion of the description of the note in the declaration, and the variance on account of the omission, fatal.

Admitting the correctness of this decision, there is a marked distinction between this case and the one now under consideration. In the one cited, the contract was in the

alternative, and at the option of the defendant to pay in money, in notes on the Bank of Kentucky, or the Branch Bank at Lawrenceburg. In this case there is no such alternative.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*